THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
HOWARD REED, Appellant.

County Court, Chenango County, October 13, 1945.

*Herbert Kibbe* and *Glenn F. Carter* for appellant.

*Lynn N. Peterson, District Attorney,* for respondent.

BARNES, J.  This is an appeal from a conviction of a traffic violation, in a Justice's Court.  The case was tried in the Justice's Court without a jury.  The information upon which the defendant was tried states that the defendant committed the act of speeding in violation of subdivision 3 of section 56 of

article 5 of the Vehicle and Traffic Law of the State of New York by "wrongfully, unlawfully and knowingly did operate and drive a motor vehicle upon the public highway located in said county and town at an excessive rate of speed over the greater distance of ¼ of a mile in excess of 35 miles per hour allowed by the above section and contrary to law." A motion to dismiss was made upon the grounds that the complaint failed to state the violation of the section charged and was denied.

Upon appeal the defendant questions the language used "over the greater distance *of* ¼ of a mile." Literally, this is not a sufficient allegation to constitute the violation, but it is evidently a clerical error and was intended to read "over the greater distance *than* ¼ of a mile." Reading the entire complaint, I think the meaning is clear, and that the defendant was apprised of the charge that he was driving a greater distance than one quarter of a mile at the excessive speed.

At the conclusion of the trial, the Justice took one week to review the testimony in order to arrive at a just and equitable judgment. During that week, the District Attorney served upon the Justice an information accusing the defendant of having been previously convicted of a traffic infraction within the meaning of section 1941 of the Penal Law of New York. Thereafter the Justice entered a judgment of conviction of the defendant as a second offender and imposed a sentence as a second offender under section 70 of the Vehicle and Traffic Law.

The defendant, upon appeal, challenges this procedure. Section 1943 of the Penal Law provides for filing information as a second offender where a person has been convicted of a *felony*. It contains no provision for such a procedure upon a conviction of a misdemeanor or a traffic infraction. That section also provides for informing the defendant of the charge against him and giving him an opportunity to show that he is not the same person. This was not done in this case. Clearly, section 1943 is not applicable to the trial of a traffic infraction, and I know of no similar provision of law which is applicable to a traffic infraction.

The trial was therefore irregular in regard to convicting the defendant as a second offender. The defendant urges that by supplying the alleged information, the judgment of the Justice may have been affected, and that otherwise he may have acquitted the defendant. The evidence is sharply conflicting and the veracity of the defendant was an issue. The information of a previous conviction, which could not legally be introduced, may have affected the outcome of the trial.

The judgment of conviction is vacated, and a new trial ordered before another justice of the peace. If such justice cannot be agreed upon, the court will name a justice to hear the case. Proceed accordingly.