Richard J. Sherman, J.
This is an appeal from the decision of a Court of Special Sessions rendered June 16, 1960 upon the defendant’s conviction of violating subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York by wrongfully, unlawfully, and knowingly operating, driving a motor vehicle on a public highway in the Town of Saratoga, County of Saratoga, State of New York, at a rate of speed in excess of 50 miles an hour for more than one fourth of a mile, no greater speed being permitted by the State Traffic Commission.
The appearances are William B. Mahoney for the appellant; Hon. James A. O’Connor, District Attorney, with Hon. Loren N. Brown, Assistant District Attorney, as counsel for the respondent.
Although the attorney for the appellant has raised several questions regarding the conviction in this case, the only point of merit is whether or not the learned trial Justice committed an error by an examination of the appellant’s license before conviction.
A stenographic record of the trial in the Court of Special Sessions was had. On page 16, lines 19 and 20, the learned Justice said, “I am inclined to believe he was speeding and guilty as charged.” In line 23 of the same page the Justice asked to see the appellant’s license. On page 17 of the minutes *358 the trial court commented on the fact that the appellant had been convicted of the same charge on two previous occasions. On line 14 on page 17 the court said, “ I feel in my judgment that he is guilty as charged of speeding. ’5
In the opinion of this court the conviction did not take place until that time and from that moment the learned Justice would have the right to examine the license for the purpose of determining the sentence. The previous statement on page 16 is not a judgment of conviction.
Therefore, the judgment of conviction should be reversed and a new trial held.
In People v. Fiore (9 Misc 2d 468) the court there reversed a conviction under the same circumstances and held that it was a reversible error for the court to look at the license before conviction. Furthermore, the court said that 'such practice should be scrupulously avoided since it is a clear violation of the defendant’s rights. (See, also, People v. Hartgrove, 12 Misc 2d 201; People v. Reed, 185 Misc. 908.)