Samuel Fiandach, J.
The defendant herein is charged with two violations of the Vehicle and Traffic Law of the State of New York, the first, violation of subdivision 3 of section 1180, to wit, “ Speeding ” and the second, violation of subdivision (a) of .section 1163, to wit, ‘ ‘ Failing to Signal a Left Turn ’ ’. These violations are alleged to have occurred in the Town of Irondequoit, County of Monroe and State of New York at 12:45 a.m. on the 11th day of July, 1964.
On October 20, 1964, both offenses were tried together before me in the Court of Special Sessions at Irondequoit, New York. The People was represented by Kenneth Smith of the District Attorney’s office of the County of Monroe and the defendant was represented by George F. Frey Jr., attorney.
The evidence is clear as to the charge of speeding. There is no question in the mind of this court but that the defendant was speeding, in violation of subdivision 3 of section 1180 of the Vehicle and Traffic Law. As to the charge of failing to signal, in violation of subdivision (a) of section 1163 of the Vehicle and Traffic Law, there appears to be some doubt, as created by the testimony, even though I am not too impressed with the quality of defendant’s evidence, the scales of justice must tip in defendant’s favor on this point.
Notwithstanding the foregoing, however, the question before this court is: Does the fact that the arresting police officer looked at the “ conviction part ” of the defendant’s operator’s license at the time of the arrest, when the summons was issued, constitute prejudicial error and grounds for dismissal?
Paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law of the State of New York, as amended by chapter 821 of the Laws of 1961, states as follows: “To each person shall be assigned some distinguishing number or mark and the license issued shall be in such form as the commissioner shall determine. Every license shall contain the distinguishing number or mark assigned to the licensee, his name, place of residence and address and a brief description of the licensee for the purpose of identification and, if a chauffeur, the photograph of the licensee. The commissioner may provide adequate space on a detachable part of such license, to be known as the ‘ record of convictions stub ’, for the recording thereon of convictions as provided in section five hundred fourteen of this chapter and such ‘ record of convictions stub ’ shall be detachable by the *500 licensee and shall not he subject to inspection by any motor vehicle inspector, peace officer, state policeman or any other person, but shall be exhibited on demand only to a magistrate after conviction of the licensee or, at a hearing, to any person designated by the commissioner to conduct such a hearing
It is apparent that the courts have not yet passed upon this question since the amendment of this section and, therefore, the burden of the interpretation to be given paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law rests entirely with this court. To accomplish this, it becomes necessary to examine into the intent of the Legislature when the amendment was considered and ultimately enacted. At that time the Legislature, by Assemblyman Alexander Chananau, stated:
‘ ‘ Even though it is reversible error at present for a Magistrate to inspect the same prior to conviction, the present law compels a motorist, under penalty of being considered an unlicensed driver, to exhibit his license, of which the prior conviction record is now a part, to a motor vehicle inspector, peace officer or State policeman.
“ The requirement of the present law can only operate to prejudice the motorist and place him in an unfair position when the officer is shown the record of prior convictions; in some instances, the record will show that another conviction will lead to automatic and mandatory action against the licensee, while in other instances, the examination of the conviction record will indicate that the motorist has already accumulated points for prior convictions, which together with the points to be added for another conviction, will lead to administrative action by the Commissioner. The possible results of either such disclosure are obvious.
“ At the least, disclosure of the prior convictions record to the police officer which is required under the present statute may result in an unfavorable and unfair attitude toward the motorist whom the police officer might feel is a chronic offender. It may also result in a complaint by the motorist that he is being given a summons and is being abused by the officer solely because of the prior record.
“ The present law requiring the motorist to exhibit to the police officer his entire license which contains the record of prior convictions serves no valid or useful purpose whatsoever. The proposed legislation will remove this source of possible abuse and prejudice and will protect both the motorist and the law enforcement officer.” (N. Y. Legis. Annual, 1961, pp. 315-316.)
*501 It is obvious from the legislative comment hereinabove set forth that one of the thoughts in mind, when amending paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law, was to avoid any possible prejudice to a motorist who has been apprehended for a traffic violation.
It is common knowledge and cases have so stated many times over that it was reversible error for the court to look at the operator’s license prior to conviction and that the courts have held that such practice should be scrupulously avoided since it is clear violation of the defendant’s rights. People v. Fiore (9 Misc 2d 468) and in People v. Reed (185 Misc. 908) wherein the District Attorney committed an improper act in calling to the court’s attention a prior conviction of the defendant. That ease also held that the trial court committed reversible error in considering the prior conviction as evidence in the case and as in the Fiore case, if the trial court should consider as evidence a prior speeding conviction, then it would be clearly in error and any judgment thereafter reached should be subject to reversal.
This court cannot help but to conclude from the decisions herein that it was unequivocally the intention of the Legislature in amending paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law to preserve and protect the accused from the time of apprehension down through the trial and to the time of conviction; and it intended the said amendment to serve as a “ stop gap ” between the time of arrest to the time of trial for the preservation of his rights so as to assure the accused of a fair and impartial trial. Had this not been the intention of the Legislature, then it is the opinion of this court that the Legislature would not have used the word “ prejudice ” in its comments.
It is, therefore, the opinion of this court that the protection afforded the defendant by paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law was violated by the arresting officer, and that said examination of the certificate of conviction portion of the defendant’s operator’s license constituted prejudice as a matter of law, regardless of whether it was voluntarily or involuntarily handed up to the arresting officer. In the opinion of this court, such prejudice infringes upon the defendant’s statutory rights and violated his right to a fair and impartial trial.
Defendant’s motion for dismissal on both charges is, in all respects, granted.