John T. Casey, J.
The defendant has moved this court for the dismissal of an indictment which charges him with the misdemeanor of driving while intoxicated, in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law of the State of New York.
In substance, the moving affidavit of the defendant and the supporting affidavit of his wife state that the defendant, upon the demand of the arresting officer to see his “ operator’s license,” exhibited to the officer said license in toto, including the portion known as a“ record of conviction stub.” There are no allegations that that portion of the license contained any previous conviction or that the arresting officer demanded the same or even read it or that it contained any record of previous convictions.
The defendant has contented himself in relying on the language of People v. Murdock (44 Misc 2d 498, 501), wherein it is stated that ‘ ‘ paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law was violated by the arresting officer, and that said examination of the certificate of conviction portion of the defendant’s operator’s license constituted prejudice as a matter of law, regardless of whether it was voluntarily or involuntarily handed up to the arresting officer.”
In construing the language of the1 section under consideration, it is the opinion of this court that paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law provides that a licensed operator of a motor vehicle shall not be required, nor can he be compelled by the arresting officer, to exhibit to the arresting officer his “ record of conviction stub ” prior to or at the time of his arrest for a motor vehicle violation — under the penalty of nullifying a resultant conviction.
The words of the statute clearly cannot be intended to prevent an arrest or conviction of a person who foists upon the *890 arresting officer Ms “ record of conviction stub.” It is conceivable, also, that the majority of motorists would desire to exhibit this portion of their licenses, if they are without blemish, in order to evidence their previous good driving records. Should it be that by insisting upon, or at least instigating, the showing of such record, whether it shows previous convictions or not, such motorist should procure a dismissal of the charges upon which he was apprehended? Such interpretation would be an invitation to every driver stopped for a violation to hand tip his “ record of conviction stub ” furtively along with his operator’s license and thus avoid the responsibility of his apprehension.
Such is not the legislative intent of paragraph c of subdivision 1 of section 501. It is more in keeping with such intent to hold that police officers may not demand; nor may any driver be required or compelled to hand up a “ record of conviction stub; ” but, any driver may, and if he does so voluntarily, he should be bound by the consequences of his act regardless of whether or not the arresting officer reads it and regardless of whether or not it contains prior convictions.
It may be argued that the arresting officer bears the burden of refusing the offer. This argument, however, presupposes that the officer would be influenced to do less than his duty by a previous clean record. If this be so, the driver has been dealt with more leniently than the law should permit. The law gives the driver the option. No adverse inference may be drawn from his failure to exercise it. Nor may an otherwise valid arrest or conviction be vitiated because he exercises it.
All that the law should demand is that the apprehended driver be dealt with for the instant violation. He should not be required to show that he was previously convicted; neither should he be allowed to escape the responsibility of his instant violation by simply handing up a “ record of conviction stub ” and then engaging in questioned argument as to whether or not the arresting officer read it.
The defendant further alleges that it was the Justice of the Peace before whom he was arraigned that returned his license in toto to him. Regardless of whether that would be reversible error if the Justice had judged the merits of his case, it is immaterial here, where the charge against this defendant stems from an indictment by the Grand Jury of this county, short of a showing that the evidence introduced before that body prejudiced the defendant.
The indictment is sustained and the motion to dismiss is denied.