George B. Parsons, J.
The defendant was issued a uniform traffic ticket on February 21, 1965, at about 5:15 p.m., for speeding in the Village of Clyde, New York, at a speed of 55 miles per hour on Sodus Street in said village.
The speed limit in the Village of Clyde was validly established at 30 miles per hour on a motion granted without objection that court take judicial notice of same.
After a trial held before Hon. Vincent Vilardo, Police Justice of the Village of Clyde, on March 25, 1965, the defendant was adjudged guilty as charged and fined $10.
From such conviction, the defendant has appealed.
*203 The defendant submitted a memorandum on appeal in which he relied principally on People v. Murdock (44 Misc 2d 498).
In the Murdock case (p. 499) the question was raised, “ Does the fact that the arresting police officer looked at the ‘ conviction part ’ of the defendant’s operator’s license at the time of the arrest, when the summons was issued, constitute prejudicial error and grounds for dismissal! ”
The applicable statutory provision was paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law, which briefly stated, provides that the reeord-of-convictions stub shall be detachable by the licensee and shall not be subject to inspection by a State policeman.
The court looked to the legislative intent in the enactment of this provision. Assemblyman Chananau (N. Y. Legis. Annual, 1961, pp. 315-316), in speaking of the law prior to the enactment of the present provision, stated, “ the present law compels a motorist, under penalty of being considered an unlicensed driver, to exhibit his license, of which the prior conviction record is now a part, to a * * * State policeman.” One flaw in this provision was stated as follows, “It may * * * result in a complaint by the motorist that he is being given a summons and is being abused by the officer solely because of the prior record. ’ ’ Further quoting the Legislative Annual, ‘ ‘ The proposed legislation # * # will protect both the motorist and the law enforcement officer.”
The court said (p. 501), “It is, therefore, the opinion of this court that the protection afforded the defendant by paragraph g of subdivision 1 of section 501 of the Vehicle and Traffic Law was violated by the arresting officer, and that said examination of the certificate of conviction portion of the defendant’s operator’s license constituted prejudice as a matter of law, regardless of whether it was voluntarily or involuntarily handed up to the arresting officer. In the opinion of this court, such prejudice infringes upon the defendant’s statutory rights and violated his right to a fair and impartial trial.”
The difficulty with the Murdock case is that we are not given the full details concerning the inspection of the license. Did the officer specifically ask for the conviction stub or demand it? In the Lawton case before us no reference was made to the conviction stub and the officer does not remember if it was attached or not. Certainly a motorist should not be able to avoid convictions merely because the record of convictions is attached and he purposefully refuses to remove it from his license, when an officer lawfully asks to inspect the license portion. The statute was intended to protect both the motorist *204 and the officer. The rule as stated in the Murdoch case is far too broad.
The motorist should be aware of his right to detach the conviction record. In the interest of justice, it is not too much to ask of the officer that he inform the motorist of his right at the time he requests to inspect the license. In this case before this court there is no indication that the motorist was so informed. Therefore, the judgment is reversed. An order may be entered.