Milton A. Wiltse, J.
Following a trial before the Honorable Chester A. Paul, Justice of the Peace of the Town of Pamelia, the defendant was found guilty of a violation of paragraph 2 of subdivision (b) of section 1180 of the Vehicle and Traffic Law. Judgment of conviction was entered on August 16, 1965.
The defendant has appealed. He seeks to have the judgment reversed, alleging, among other things, that he was not ‘1 advised by the arresting officer of his right to detach the conviction stub of his license before giving said driver’s license to the policeman ”, and that the officer was not qualified to express *205 an opinion of the speed that the defendant’s vehicle was traveling.
It appears that the officer was qualified to give an opinion regarding the speed of the defendant’s vehicle. His testimony that in his opinion the defendant was proceeding at 60 to 65 miles an hour, and that his speedometer never read below 60 miles an hour during the 2% miles that he followed the defendant’s car on Route 3, is sufficient to sustain the conviction (People v. Heyser, 2 N Y 2d 390); unless his allegation that he was not advised by the officer of his right to detach the conviction stub of his license before giving the license to the policeman should require a reversal of the judgment.
His contention in this respect is based upon paragraph c of subdivision 1 of section 501 of the Vehicle and Traffic Law. The applicable portion provides that the record-of-convictions stub shall be detachable by the licensee and shall not be subject to inspection of any peace officer.
The provisions of this section have been construed by courts in this State in three instances of which this court is aware. There may have been many more.
In People v. Murdock (44 Misc 2d 498), a Court of Special Sessions in Monroe County held that the examination of the conviction portion of the defendant’s license, at the time of his arrest for speeding, regardless of whether it was voluntarily or involuntarily handed to the arresting officer, involved such prejudice to the defendant’s rights that the charge should be dismissed.
On an appeal to the Wayne County Court (People v. Lawton, 48 Misc 2d 202), from a conviction of speeding before a Police Justice in that county, the defendant’s conviction was reversed. The defendant in the Wayne County case had relied upon the decision in the Murdock case. In reversing the conviction, however, the Wayne County Court modified the Murdoch decision somewhat. It held in substance that a motorist should be advised of the right to detach the conviction record from the license before exhibiting it to an arresting officer; but that if he then voluntarily did exhibit both the license and conviction stub to the officer, he must suffer the consequences. In the Lawton case, there was no advice given to the defendant regarding the right to detach the stub from the license.
In People v. Lobdell (46 Misc 2d 888), the County Court of Rensselaer County was called upon to construe the same section on a motion for dismissal of an indictment in which the defendant was charged with driving while intoxicated.
*206 The arresting officer had asked the defendant for his operator’s license and the defendant handed both the license and the conviction stub to him. The officer had neither demanded the conviction stub nor advised the motorist that he had a right to detach it from the license.
In denying the motion to dismiss the indictment, the court commented (p. 890) on the legislative intent of the section: “ It is * * * in keeping with such intent to hold that police officers may not demand; nor may any driver be required or compelled to hand up a 1 record of conviction stub ’; but, any driver may, and if he does so voluntarily, he should be bound by the consequences of his act regardless of whether or not the arresting officer reads it and regardless of whether or not it contains prior convictions.”
With all due respect to the determinations made in the Murdock and Lawton cases, it would seem that the holding in the Lobdell case is proper. In the instant matter, whether the conviction stub was actually attached to the license when it was given to the officer does not appear in the record. However, it is clear that the officer only asked to see the defendant’s license. He did not ask for the record-of-conviction stub. The judgment should be affirmed.