Edmund A. McCarthy, J.
This is an appeal from a conviction of a violation of section 1180 (subd. 2, par. [b]) of the Vehicle and Traffic Law, speeding, penalty of $25 in the Court of Special Sessions, Town of Schuyler, Herkimer County, on March 11, 1966.
*368 The affidavit of errors cites the fact that the defendant’s license, which was exhibited to the police officer upon demand, was stamped and imprinted, apparently by rubber stamp, with a notation of suspension, and that by reason thereof the defendant was immediately prejudiced as was evidenced in the question and answer session with the arresting officer. The other objections have to do with the failure of proof beyond a reasonable doubt and the conviction against the weight of evidence and alleged bias and prejudice of the arresting officer. Suffice it for this appeal for us to consider the first alleged error. Unfortunately, Exhibit 1, or copy of it, is not before this court for examination.
The court is informed that this license is now with the Motor Vehicle Department at Albany for further action. Becently we have had a number of cases determined in which it was held that there was a likely prejudice and possible incrimination in the examination of the so-called license stub upon which previous courts may have recorded prior convictions. Then subsequent decisions drawing finer lines seem to hold that if the stub was intentionally presented to the officer and examined, it is not considered prejudicial. Then we find that the police officer is not required to advise the defendant not to present his stub.
When a defendant is accosted and stopped upon the public highway or elsewhere, the law requires him to produce, at the request of the officer, his driving license. If he fails to produce this license he is likely to be arrested as an unlicensed operator. So that, upon demand, the driver’s license must be shown to the officer, or if he does not have it on his person, if he is arrested as an unlicensed operator, in presenting his case to the Justice the license must then be exhibited, although the conviction stub may be detached.
From the record, the following is quoted:
Q. Did you ask to see his driver’s license? A. Tes, I did.
Mb. O’Donnell: This could be marked, Your Honor, as an exhibit, in pencil or something. Thank you.
bt mb. o’donnell (cont’d)
Q. Trooper War jas, I show you defendant’s Exhibit 1, ask if that is the license you saw? A. That’s it.
Q. Is that in the condition you saw it on the night of February 9, 1966? A. As far as I remember, yes.
mb. o’donnell: I offer defendant’s license in evidence, your Honor.
the court: Yes.
MR. o’donnell : Also on the proposition oE showing that the legend, that I think it has been improperly and unfairly placed upon there by the Commissioner of Motor Vehicles and which has substantially prejudiced defendant since it was clear to the officer when he arrested him on the face of it that at one time it had been suspended, although it has been restored.
*369 district attorney: I have no objection to admission of the license in evidence. However, as to any conclusion, as to prejudice because of the legend on it, I think the license will speak for itself as far as that is concerned. I don’t see where defendant may have been prejudiced in this regard.
BY MR. O’DONNELL (cont’d)
Q. Trooper, did you have any further conversation with defendant other than you have stated ? A. I asked if he had had his license revoked and he said that he had temporarily but it wasn’t legal due to the fact he had a radar trial I believe in the Village of Frankfort or Ilion, I don’t remember.
Q. Before you gave him the ticket? A. This was before he was given the ticket.
Q. Then you also — did you have some conversation with him as to whether he asked for a trial, whether if given a ticket on this occasion he did ask for a trial? A. I said “You fought the last one. You will probably fight this one, too.” He said no.
Q. Did you consider that it was a proper matter for you to ask, whether he was going to object?
district attorney: I am going to object- to the question.
BY MR. O’DONNELL (eont’d)
Q. You did inquire if he was going to plead not guilty to the charge? A. Yes.
From the foregoing it is plain to be seen that the defendant, when he complied with the law and presented his driver’s license to the officer, was immediately prejudiced in the mind of the officer because the Commissioner of Motor Vehicles had stamped on the face of the license a legend that it had been suspended at some time in the past, which would immediately inform the officer that there may have been prior convictions for violation of the Motor Vehicle Traffic Law for which the license had been suspended, or that the defendant had earned sufficient points under the point system to warrant a suspension of his license. In this particular case, all of this information was before the officer before the defendant was given a uniform traffic ticket for the present violation.
In the opinion of this court, this stamping of the legend on the face of the driver’s license, and its examination by the police officer, is just as incriminating and prejudicial to the defendant as if the officer had examined a stub containing a record of convictions. In the light of People v. Murdock, (44 Misc 2d 498) and People v. Lawton (48 Misc 2d 202, revd. 17 N Y 2d 637) and other cases of like import, the stamping of this legend on the face of the driver’s license was prejudicial and should not have been put down by the Commissioner of Motor Vehicles. If the license had been suspended and restored, it should have been done without any reference to such suspension on the face of the license, or a new driver’s license should have been issued to the defendant, or he should have been compelled to make a new application fór a clean license that would not cause him to innocently incriminate himself and create a *370 prejudice in the mind of the arresting officer or the Justice of the Peace.
For these reasons this court feels that the defendant has been unjustly convicted, his statutory and constitutional rights have been violated and the judgment of conviction should be reversed and the fine and penalty remitted.
The court is informed that there may be other cases pending involving similar situations, and if this is so, the Commissioner of Motor Vehicles should discontinue this improper practice, which certainly is prejudicing defendants on the highways.