In the Matter of JESSE LUXENBERG, Respondent, against HERMAN T. STICHMAN, as Commissioner of Housing of the State of New York, et al., Appellants, and AMALGAMATED HOUSING CORPORATION, Intervenor-Respondent.

First Department, December 18, 1956.

*Daniel M. Cohen* of counsel (*James O. Moore, Jr.,* and *Philip Watson* with him on the brief; *Jacob K. Javits, Attorney-General*), for appellants.

*Jesse Luxenberg,* respondent in person.

*Per Curiam.* This is an appeal from an order annulling a determination of the State Commissioner of Housing who granted leave, by the issuance of a certificate, to the landlord, owner of a co-operative housing development, to commence an eviction proceeding against a rental tenant.

Petitioner is a month-to-month tenant without benefit of lease, ownership of stock or beneficial interest therein, in a limited dividend housing project. The certificate was sought by the landlord for the purpose of evicting the present occupant and delivering possession of his apartment to a subscriber, who has paid a 25% deposit on the requisite number of shares of stock of the corporate owner. It may be noted parenthetically that before the landlord made the application to the commissioner for permission to commence a summary proceeding, petitioner was offered the opportunity on many occasions commencing in 1945 to purchase the stock required for the continued occupancy of his apartment, but he consistently declined to avail himself of the offer.

Concededly, the landlord is a limited dividend housing company organized and existing under the Public Housing Law. Occupants of apartments in such projects are not protected by the State Residential Rent Law (L. 1946, ch. 274, § 2, subd. 2, par. [e], as amd.). There are no provisions in the Public

Housing Law prohibiting or restricting the eviction of tenants except in cases where the family income is greater than the permissible maximum (Public Housing Law, § 182, subd. 3, par. [a], cl. [4]). We will not disturb the factual finding made by the commissioner upon adequate proof that the income of the subscriber to the stock does not exceed the limitation set for occupancy of the subject apartment.

Pursuant to the authority granted the commissioner (Public Housing Law, §§ 14, 19), he promulgated regulations restricting the eviction of tenants by housing companies operating under the statute. The landlord under such regulations, before commencement of eviction proceedings, was required to obtain a certificate from the commissioner "that he has no objection to the commencement of such eviction proceeding." (Regulation 7A of Division of Housing, as amd. Nov. 2, 1951, N. Y. Off. Comp. of Codes, Rules & Regulations, 7th Off. Supp., pp. 208–209.)

The regulation in question additionally provides that, "Such certificate however will not be issued unless the Commissioner finds that cause therefor exists. Such cause may, for instance, be the following to be evidenced by substantial proof". The regulation then cites a number of examples of situations which would constitute "cause". The eighth of these examples is when "The landlord is a mutual or cooperative housing company and the landlord desires the accommodations for a stockholder or other person having a proprietary interest in such company." While it appears that factually the certificate issued clearly falls within this category, we prefer to bottom our determination upon a broader base.

It is manifest that the commissioner did not limit himself to the specific examples outlined in the regulation, in the issuance of a certificate to permit the commencement of eviction proceedings. It must be held that the specific causes cited by the commissioner in the self-imposed regulations do not exclude other sound reasons not enumerated therein. The regulation essentially restricts the issuance of a certificate where no good cause exists.

Where a regulation is not inconsistent with and does not exceed the authority granted by the statute, the interpretation of the regulation by the commissioner is controlling, and will not be disturbed in the absence of weighty reasons. (*Lightbody* v. *Russell*, 293 N. Y. 492, 496; *Brewster* v. *Gage*, 280 U. S. 327, 336; *United States* v. *Moore*, 95 U. S. 760, 763; *Bowles* v. *Seminole Rock Co.*, 325 U. S. 410, 413–414.)

The commissioner found " that cause   *   *   *   exists " for the issuance of his certificate and his determination is supported by substantial proof in the record.

The order of Special Term should be, therefore, reversed and the petition dismissed.

PECK, P. J., BREITEL, COX, FRANK and VALENTE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the respondents-appellants, and the petition dismissed.