■ In the Matter of Urias Berry, Doing Business as B & G Real Estate Co., Petitioner, v. John P. Lomenzo, as Secretary of State of the State of New York, Respondent. In the Matter of Earvina Blutcher, Petitioner, v. John P. Lomenzo, as Secretary of State of the State of New York, Respondent.— Consolidated proceedings pursuant to article 78 of the CPLR to review respondent's determination dated May 20, 1971, which (1) found petitioner Blutcher to be untrustworthy as a licensed real estate salesman and indefinitely suspended her license until she would submit proof of payment of $280 to Mr. and Mrs.

Lydon Vickers; (2) found petitioner Berry incompetent and untrustworthy as a licensed real estate broker and (a) suspended his license for two months commencing June 1, 1971 or, in lieu thereof, imposed a fine of $100 upon him, to be paid by May 26, 1971, and (b) indefinitely suspended his license until he would submit proof of payment of $420 to Mr. and Mrs. Vickers. Petitions granted to the extent that the determination is modified, on the law, by striking therefrom respondent's (1) finding and conclusion that petitioner Blutcher was guilty of untrustworthiness as a licensed real estate salesman, under section 441-c of the Real Property Law, and (2) said indefinite suspension of petitioner Blutcher's license. As so modified, determination confirmed, without costs. In the light of respondent's express findings, with which we agree, that petitioner Blutcher acted in her capacity as a landlord, and not as a licensed real estate salesman, and that her refusal to return $280 to the Vickers was upon advice of her attorney and not deliberate, there is no substantial evidence in the record to sustain respondent's finding and conclusion that Blutcher demonstrated untrustworthiness as a licensed real estate salesman pursuant to section 441-c of the Real Property Law (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 267, 274; cf. *Matter of Gold* v. *Lomenzo,* 29 N Y 2d 468). However, the findings and determination relating to petitioner Berry were sustained by substantial evidence (*Matter of Stork Rest.* v. *Boland, supra*). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.