Edward S. Conway, J.
This is a motion by petitioner, St. Joseph’s Hospital, instituted pursuant to CPLR article 78 for an order: (1) confirming that the sum of $99,121 delivered to petitioner by respondent Blue Cross of Central New York, Inc. on July 31, 1973 was a rate adjustment for the period from July 1, 1972 to December 31, 1972; and (2) annulling the determination by the respondent Department of Health that the said $99,121 was a loan or cash advance which could therefore be offset against future Blue Cross payments.
Petitioner, a nonprofit hospital, admits as patients medically indigent individuals whose bills are paid for under New York State’s, Medicaid plan under the Social Services Law of the State of New York, and petitioner also admits as patients subscribers to the various Blue Cross hospitalization plans.
On June 23, 1972 "Hurricane Agnes” hit the area in which *207 the petitioner hospital is located, causing damages which forced the petitioner to close for a period of two months. In order to aid the hospital for the period it was closed, respondent Blue Cross applied to the respondent Commissioner of Health for permission to pay the hospital for the number of "patient days” Blue Cross estimated it would have paid the hospital if the hospital had not closed (estimate was based on "patient days” for the year 1971). The figure arrived at by respondent Blue Cross for payment was $99,121. Thereafter, Blue Cross determined rates of reimbursement for the hospital for the year 1974 including the "flood loss days” that Blue Cross had paid for in calculating the 1972 payment hereinbefore referred to. Under the prospective system of reimbursement which is set forth in Part 86 of title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York which governs Blue Cross and Medicaid reimbursement to hospitals, the number of "patient days” the hospital had in 1972 affects its Blue Cross rates of reimbursement for the year 1974 (1972 is the base year).
The petitioner objected and requested the Blue Cross to recompute its 1974 rate excluding "flood loss days” and using only its actual "patient days” during 1972. Blue Cross advised the petitioner hospital that it would recompute the hospital’s rates for 1974 using only actual 1972 "patient days”, but that it would deduct from the amount the sum of $99,121 it had paid as "flood loss days” for 1972.
The Commissioner of Health certified to the Superintendent of Insurance the revised Blue Cross rates on December 31, 1974 and determined that the payment of $99,121 paid was an advance by Blue Cross and that they are now entitled to offset it against future payments ("withhold from payments otherwise due the hospital”). On January 6, 1975 the Superintendent of Insurance approved the revised rate, together with the right of Blue Cross to withhold the said sum of $99,121.
The petitioner contends that the decision of the Commissioner of Health and the Superintendent of Insurance is arbitrary, capricious and contrary to the evidence, and that the $99,121 was not a loan or cash advance but was given to the petitioner as a rate adjustment for the period from July 1, 1972 through December 31, 1972 and cannot be used as an offset against subsequent rates.
The court cannot agree with this contention of the petitioner. The determination of the Commissioner of Health *208 and the Superintendent of Insurance approving the withholding of the $99,121 payment as an offset is not to be disturbed by this court if it has a reasonable basis and is not arbitrary or capricious (Matter of Sigety v Ingraham, 29 NY 2d 110; Matter of Park East Land Corp. v Finkelstein, 299 NY 70, 75; Matter of Fink v Cole, 1 NY 2d 48, 53). Moreover, where a decision is not inconsistent with a statute and does not exceed it, the commissioner’s interpretation of the regulations (Department of Health) will be controlling and will not be disturbed in the absence of weighty reasons (Matter of Luxenberg v Stichman, 2 AD2d 605, 607; Lightbody v Russell, 293 NY 492, 496). An application of these principles to the facts of this case mandates the conclusion that the Commissioner of Health’s action was eminently reasonable.
The payment by Blue Cross certainly was not a gift to the petitioner. It was conditioned upon its recoupment when the petitioner’s 1974 rates were determined in order that the 1974 rate be consistent with the Commissioner of Health’s regulations (10 NYCRR Part 86) and section 2807 of the Public Health Law.
Therefore, in view of the foregoing, the petition is dismissed.