■    MIRIAM KOSTIKA, Petitioner, v MARIO CUOMO, as Secretary of State, et al., Respondents.—In this article 78 proceeding to review and annul a determination of respondent dated December 29, 1974, which was transferred to this court pursuant to CPLR 7803 (subd 4), and CPLR 7804 (subd [g]), the determination of respondent is unanimously modified, on the law and in the exercise of discretion, to strike the direction for repayment of $15,050 to Mr. and Mrs. Hanel and a fine of $200 only is imposed. As so modified the determination is otherwise confirmed, without costs and without disbursements. Section 175.6 of the rules affecting real estate brokers and salesmen (19 NYCRR 175.6) states clearly: "Before a real estate broker sells property in which he owns an interest, he shall make such interest known to the purchaser." It is a breach of the broker's duty to fail to reveal such interest. The regulation is not only for the protection of the public, but it affords an option to a prospective buyer as to whether such buyer wishes to deal with a broker-owner who generally is more sophisticated in the buying and selling of real property than the buyer. Although the evidence was conflicting as to whether petitioner revealed to the buyers, Mr. and Mrs. Hanel, that she was a real estate broker, it was for the trier of the facts to determine where the truth lay. Nor may the court, under such circumstances substitute its judgment for that of the administrative agency (see *Matter of Pell v Board of Educ. of Union Free School Dist No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222). It is also worthy of note and supportive of the determination that, although petitioner's license was issued in the name of Kostika, she used her maiden name of Schweky in her transaction with the Hanels. Moreover, in advertising the property for sale the petitioner failed to state that she was a dealer in such property or to make it plainly apparent from the context of the advertisement that she was a dealer, thus violating section 396-b of the General Business Law, the predecessor of

which was former section 421-a of the Penal Law. (See 1932 Opns Atty Gen 193; 1930 Opns Atty Gen 241; 1929 Opns Atty Gen 264.) While the determination of untrustworthiness is within the broad discretion given the Secretary of State by statute and is supported by substantial evidence, *(Matter of Luxenberg v Stichman,* 2 AD2d 605, 607; *Matter of Sigety v Ingraham,* 29 NY2d 110, 114), the sanctions imposed are modified as heretofore indicated because, in light of the evidence, we find the total sanctions so disproportionate to the offense as to shock one's sense of fairness *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 233). It does not appear that the Hanels were overcharged for the property though petitioner made a very substantial profit on the transaction. Petitioner offered to rescind the transaction, an offer refused by the Hanels, who indicated they would probably have still purchased the property had they known the petitioner was a broker. Under the circumstances, we deem the fine imposed adequate punishment for the offense. Concur—Stevens, P. J., Tilzer and Nunez, JJ.; Lupiano and Capozzoli, JJ., concur in the result in the following memorandum by Lupiano, J.: I concur in the result reached herein. However, it is my view that the fine of $200 which we countenance on this appeal, can be sustained only on the basis of a technical violation of section 396-b of the General Business Law and not on the further basis of a violation of section 175.6 of the Rules and Regulations promulgated pursuant to article 12-A of the Real Property Law (19 NYCRR 175.6). Section 175.6 states: "[Broker's sale of property in which he owns an interest.] Before a real estate broker sells property in which he owns an interest, he shall make such interest known to the purchaser." All of the other 22 regulations in Part 175 entitled "Regulations affecting brokers and salesmen" *clearly* relate to a broker acting in the capacity of a broker. Similarly, section 175.6 must be viewed as envisioning transactions in which the broker is acting as a broker. It is a general consideration in the construction of statutes or regulatory enactments that the whole and every part thereof must be considered in the determination of the meaning of any of its parts or subdivisions. Viewing Part 175 as a whole compels the conclusion that 175.6 applies where a broker is acting as a broker and not where a broker is acting as the principal. Indeed, in *Matter of Berry v Lomenzo* 39 AD2d 745) it was held that where an individual acted in her capacity as a landlord and not as a licensed real estate salesman, no basis was shown demonstrating untrustworthiness as a licensed real estate salesman pursuant to section 441-c of article 12-A of the Real Property Law. Petitioner in selling her real property to the Hanels was not acting as a broker. The fact, in and of itself, that she happens to be a real estate broker, may not serve to bring her within the ambit of section 175.6. Applying said section to the circumstances herein would require us to construe the regulation as requiring a vendor to disclose that he is a real estate broker. Such a tortuous construction is not supported by scrutiny of Part 175 (19 NYCRR 175.1–175.23), article 12-A of the Real Property Law or by any other persuasive authority.