In the Matter of DELZA B. SMITH, Respondent, v MARIO M. CUOMO, as Secretary of State of the State of New York, Appellant.—In a proceeding pursuant to CPLR article 78 to prohibit the Secretary of State, or any person acting under him, from taking further acts or proceedings pursuant to a notice of hearing as to a charge of untrustworthiness and incompetency against petitioner, the Secretary of State appeals from a judgment of the Supreme Court, Nassau County, dated October 20, 1978, which, upon denying his motion to dismiss, granted the petition. Judgment reversed, on the law, with costs, motion to dismiss granted, and proceeding dismissed. Special Term determined that the petitioner's alleged violation of local zoning ordinances in renting five premises that the petitioner owned, could not be considered on the issue of his incompetency and untrustworthiness under section 441-c of the Real Property Law. It also found that the petitioner was acting in his capacity as a landlord, rather than in his capacity as a broker, in renting the subject premises. It reasoned that even if the violations were proved by substantial evidence, the petitioner could not be found to be untrustworthy, and therefore granted the petition to prohibit the hearing on the charges. In doing so, Special Term relied on *Matter of Berry v Lomenzo* (39 AD2d 745). We disagree. Prohibition is an extraordinary remedy granted in situations where the petitioner has a clear legal right to this remedy *(Matter of B. T. Prods. v Barr,* 44 NY2d 226, 231). Here the petitioner does not have a clear legal right to the remedy. There is at least a question as to whether a violation of zoning ordinances reflects on the petitioner's trustworthiness in his role as a broker (see *Matter of Diona v Lomenzo,* 26 AD2d 473). Moreover, the question of the petitioner's capacity in renting the premises is a factual one which should be decided after a hearing on the charges. No facts concerning the transactions were presented in the papers. Thus, Special Term's finding was premature and the judgment must be reversed. Lazer, J. P., Mangano, Cohalan and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK T. C., Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County, imposed June 22, 1979, upon his adjudication as a youthful offender, the sentence being an indeterminate term of imprisonment with a maximum of four years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a period of imprisonment of 60 days and probation for an additional 4 years and 10 months. As so modified, sentence affirmed and case remitted to the County Court, Suffolk County, to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Rabin, Gulotta and Cohalan, JJ., concur; Mangano, J. P., dissents and votes to affirm the sentence.