Burke, J.
The petitioner, Fink, instituted a proceeding to set aside the denial of his application for an owner’s racing license on the grounds (1) that the denial of the license was based upon investigations, testimony and exhibits constituting the proof in a prior proceeding denying a license to the petitioner — a determination which had been annulled by this court for the reason that the hearing board had no lawful existence — and (2) that no charges were made, no hearing afforded to the-petitioner, and no opinion was rendered. The Appellate Division has affirmed the order of Special Term which set aside the denial of the license and has remitted the matter back to the commission for further consideration in conformity with its decision.
The Legislature does not provide for a hearing procedure with respect to thoroughbred racing in connection with the processing of licenses or renewal licenses (State Racing Commission Act [L. 1926, ch. 440], § 9-b,. subd. 2, added by L. 1951, ch. 324). Under such circumstances,, therq is no statutory or *52 implied requirement for a hearing. (Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174, motion for reargument denied 308 N. Y. 810.)
We agree that the State Racing Commission operating under a new statute with new standards cannot reaffirm a joint board decision which had been annulled on the ground that the board had no lawful existence and therefore no competence or jurisdiction to render a decision. The joint board was without power to create a record by the talcing of alleged proof since objections were raised as to the jurisdiction of the board and the taking of the testimony. All of the proceedings before the board were absolutely void. Withal, the reports of investigators, the testimony of the witnesses, including Fink’s testimony, and the exhibits, some containing the signature of Fink, remain a part of the files of the Racing Commission.
We disagree with the view of the Appellate Division that the commission is barred from considering the reports, testimony and exhibits in its files. The expressed intention of the Legislature as reflected by the statutes as well as the public policy of the State dictate a review of all information available to the commission. (People ex rel. Empire City Trotting Club v. State Racing Comm., 190 N. Y. 31, 34; Grannan v. Westchester Racing Assn., 153 N. Y. 449, 462.)
In arriving at a determination whether to grant or deny a license, the commission may seek and rely upon any facts that exist, regardless of their source so long as they are reliable and trustworthy. In the case before us, the investigations were made, testimony taken, and exhibits secured in a proceeding initiated by the petitioner and ostensibly authorized by a statute. It was in no way tainted by the reversal of this court in Matter of Fink v. Cole (302 N. Y. 216). We annulled the determination only because of an unconstitutional delegation of licensing power. It would be a dangerous precedent for the courts to direct that evidence in being, in a commission’s own files, must be disregarded by a commission charged with supervising an occupation, privileged only to those who meet exacting standards. We find no justification in law to support the suppression of such evidence. The legislative plan requires that licenses can be issued for only one year and that applications for renewals be subjected to the same tests as are applicable to the issuance of original licenses. Under this class of licensing *53 statute, all relevant information known to the commission must be considered and reconsidered. (Matter of Agoglia v. Mulrooney, 259 N. Y. 462.)
The cases cited by the petitioner are not in point as they refer to statutes requiring a hearing or factual situations giving rise to a due process question because of the invasion of constitutional right. The administrative machinery, here, was created for the purpose of determining whether a privilege — a license — should be granted to citizens to engage in the business of horse racing.
The Legislature has empowered the State Racing Commission to refuse a license if the applicant has had past associations with undesirable persons and this is so even though the applicant may be a person otherwise of good character. In addition, the statute requires the commission before granting a license to make affirmative findings, i.e., that the financial responsibility, experience, character and general fitness of the applicant are such as to be consistent with the best interests of racing and the public interest. It may refuse to issue a license if it finds the existence of any one of several defined factual situations. Therefore, if there was a reasonable ground for refusal of a license by the commission, the denial cannot be set aside by the courts. (Matter of Small v. Moss, 277 N. Y. 501, 507.) The test of judicial review is to determine whether the action of the commission was arbitrary or capricious, i.e., without a reasonable basis. (Matter of Kaplan v. O'Connell, 281 App. Div. 46, affd. 305 N. Y. 850.)
We have said “ when a determination of [a] Board is challenged, a record must be presented which will enable the court to review the determination (Matter of Newbrand v. City of Yonkers, 285 N. Y. 164, 177.) This statute states that the applicant must be notified of the denial. The applicant under our law is entitled to a judicial review. Hence it is the function of the courts to construe and determine the nature and extent of a notification necessary to assure a full and fair review. In the present case counsel for the petitioner personally consulted the Chairman of the commission in connection with the application for a license. Thereafter he appeared and argued in support of the application before the full commission. Subsequently a formal application was filed with the commission and after consideration by the commission, denied.
*54 Even though, in some cases, an administrative denial unaccompanied by specific factual findings does not satisfy the purposes of the statute, and an answer in a proceeding in court under article 78 of the Civil Practice Act may not cure the violation of the statute by a tardy listing of findings (Matter of Perpente v. Moss, 293 N. Y. 325; Matter of Scudder v. O'Connell, 272 App. Div. 251), since the record before us discloses that the commission found nonconformity with the statute, and the petitioner was accorded representation by counsel before the full commission, the errors are not so prejudicial to the petitioner as to call for a remission to the commission.
While we have stated that the absence in a notice of a denial ‘ ‘ of a statement of the factual basis for the determination not only burdens the applicant in preparing his challenge to the determination, but also impedes the court in its review of the determination ” (Matter of Barry v. O'Connell, 303 N. Y. 46, 51), the evidence now before us is more than sufficient to support the action taken by the commission. It follows, therefore, that the reconsideration of the prior decision and reaffirmation of the prior decision were additional acts unnecessary for a valid denial of the application.
Conway, Ch. J., Desmond, Dye and Fuld, JJ., concur with Bubke, J.; Van Voobhis, J., dissents and votes to affirm; Fboessel, J., taking no part.
Order of Appellate Division and that of Special Term reversed and petition dismissed.