James 0. O’Brien, J.
Petitioner’s license to operate a motor vehicle has been suspended by respondent commissioner, by his order dated December 26,1957 “ temporarily pending hearing ”. Subdivision 3 of section 71 of the Vehicle and Traffic Law provides “A license * * * may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing ”. It is pursuant to the authority that this provision grants to him that the commissioner made the order temporarily suspending petitioner’s license.
Petitioner attacks this order and seeks to have it annulled on the ground that it is not authorized by the statute or alternatively that if the statute does so authorize a suspension without a hearing, it is unconstitutional as depriving the licensee of property without due process.
*990 We have learned that £.£ A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process ” (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441). Also it is the law that where there is no provision in the statute to the contrary, or the statute is silent on the subject, a license such as this may not be revoked without notice and a hearing (Matter of Hecht v. Monaghan, 307 N. Y. 461).
Assuming, without deciding, that in certain cases and under certain circumstances, an operator’s license may be suspended or revoked without the commissioner first having had a hearing, it nevertheless is true that before the commissioner may lawfully and properly suspend or revoke a license he should have before him factual evidence of substantial character, sufficient to justify such drastic action. In Matter of Cadieux v. Macduff (1 A D 2d 360, appeal dismissed 1 N Y 2d 827) (a case cited by the respondent), an operator’s license was revoked without a hearing. The power of the commissioner to revoke was challenged but sustained by the court. At the time the license was revoked the commissioner had before him proof that the petitioner had pleaded guilty to a charge of reckless driving, had been fined $70 for that offense and had paid the fine. The Appellate Division of the Third Department held that under those circumstances, due process requirements had been satisfied and that the evidence was sufficiently substantial to justify the action taken.
In the case of Matter of Kafka v. Fletcher (272 App. Div. 364) it appeared that the commissioner had granted a hearing and after the hearing had revoked the license. The court after examining the evidence came to the conclusion that it was not sufficiently substantial to justify the conclusion that the petitioner had committed any offense or to justify the revocation and the determination, therefore, was annulled. Accordingly it would appear that in any event, that is, whether or not it follows or precedes a hearing called by the commissioner, a suspension or revocation must be predicated upon substantial evidence of such conditions or such conduct on the part of the licensee as would justify such action in the exercise of reasonable discretion (Matter of Jones v. Fletcher, 279 App. Div. 1118).
Examined in the light of these rulings, it would appear that the order of suspension granted by the commissioner was ungrounded and must be annulled. The commissioner in his return shows that at the time he issued his order the only facts he had in his possession were these: Petitioner had been arrested *991 on or about the 30th of June, 1957, on a charge of speeding (violation of Vehicle and Traffic Law, § 56, subd. 3); that he was arraigned (presumably pleaded not guilty to the charge); that he deposited $50 bail with the Magistrate, failed to appear upon the date set for a trial, whereupon the bail was forfeited. There was no trial; there was no plea of guilty and no hearing. Upon these facts alone the commissioner erred in making an order of suspension.
The commissioner alleges further in his return, and substantially the same is set forth in substance in the petition, that the petitioner appears to have been using his junior operator’s license (against which the order of suspension had been issued) in violation of the law. Evidence of this fact is not sufficiently clear to be regarded as established beyond possible dispute and, in any event, this information was not in the hands of the commissioner at the time that the questioned order was made. There is no question but what the commissioner was well advised to direct a hearing and to call upon this young petitioner to explain the charges against him. Until that hearing or an adequate substitute for it has been had, the petitioner should not be deprived of his operator’s license.
An order may be submitted, granting petitioner’s motion and annulling the revocation of the commissioner, without costs.