Joseph Liff, J.
In this proceeding pursuant to CPLR article 78 and subdivision 7 of section 510 of the Vehicle and Traffic *698 Law, the petitioner prays for a judgment (erroneously denominated an order) vacating and setting aside the suspension of petitioner’s operator’s license on April 3, 1967 pending a trial on July 19, 1967.
The papers reveal that the petitioner on April 16, 1966 was given a summons for speeding on Long Island Expressway at 3:15 a.m., in the vicinity of Plainview, New York; that the summons directed petitioner’s appearance for a hearing at Central Traffic Court in Mineóla, New York, on May 19, 1966, at 10:00 a.m. ; that the hearing was adjourned to June 14, 1966; that the petitioner failed to appear on June 14, 1966 but in March, 1967 requested a hearing; that petitioner was notified to appear on April 3, 1967 and did so appear; that petitioner pleaded “ Not G-uilty ” to the charge of speeding; that petitioner’s license was suspended on April 3, 1967 pending trial, which was set for July 19,1967.
The petitioner alleges, and his averments have not been contradicted, that in five years of driving this was the first offense charged against him for violating the Vehicle and Traffic Law of the State of New York. He pleads as an excuse for his failure to appear at the hearing in June, 1966 a statement allegedly made prior to that hearing by the Clerk of the court that for the offense of speeding he would be committed to jail. (While it is difficult for this court to believe that any Clerk of the court would make such statement, there is no denial by any Clerk of the court that such statement was made.)
The petitioner’s contention that a suspension pending the trial was unauthorized is without merit. Section 510 (subd. 3, last paragraph) expressly permits a temporary suspension “ pending any prosecution, investigation or hearing. ’ ’ On the other hand, the respondent’s contention that this court is without jurisdiction to review the suspension is unsound. The very statute (§ 510) which authorizes the revocation or suspension of a driver’s license by a Judge of the District Court, and others (subd. 1), provides (subd. 7 in part) “ Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court as such.”
The respondent contends that the suspension was pursuant to subdivision 3 (par. [h]) of section 510 “for wilfully evading lawful prosecution in this state * * * for an offense committed therein against the motor vehicle or traffic laws thereof. ’ ’ Assuming that the mere failure to appear at the scheduled hearing in June, 1966 merited an inference of willful evasion of prosecution, it appears to this court that a suspension for at least a period of 3 months and 16 days is altogether unreason *699 able. The petitioner may be found not guilty yet meanwhile he will have been deprived of a valuable right. (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441.) Deprivation of the license has resulted, according to the petitioner, in undue hardship in traveling to and from his place of employment — a distance of 5 miles — and to and from Suffolk County Community College — a distance of 50 miles — where he is an evening student.
The respondent has cited Matter of Weber v. Lo Piccolo (20 Mise 2d 337) as an authority supporting the temporary suspension. But that case does not support a suspension for the length of time involved herein. There, the petitioner, with a record of one plea of guilty to a speeding charge, and two other charges of speeding had his license temporarily suspended on December 3,1959 but the trial of the two charges was set for December 16 and December 23, 1959 respectively. As stated by Mr. Justice Frank Del Vecchio, in Matter of Herkel v. Kelly (14 Misc 2d 966, 968): “Implicit in the section [Vehicle and Traffic Law, § 71, now § 510] however is a requirement that a temporary suspension be for a reasonable time and because of the presumption of constitutionality (Knapp v. Fasbender, 1 NY 2d 212, 232-233) the statute will be so interpreted. The duration of the suspension is one of the elements to be considered in reviewing the act of the commissioner and an unreasonably long temporary suspension may be attacked as arbitrary and capricious.” In the Eerhel case the petitioner had been charged with speeding in excess of 95 miles per hour, had pleaded guilty in August, 1958; the Commissioner of Motor Vehicles directed the appearance of the licensee for a hearing December 10,1958, suspending the license on November 14, 1958 pending said hearing. The court held in Eerhel (supra) that a suspension of 26 days was not unreasonable. But here, with no adjudication of guilt, the suspension will be at least four times as long.
No greater powers are conferred upon a Judge of a court with respect to revocation or suspension of licenses by section 510, than is conferred upon the Commissioner of Motor Vehicles. In Matter of Koppel v. Hults (20 A D 2d 669) where it was held after a hearing that the petitioner had violated a section of the Vehicle and Traffic Law and a collision with another automobile resulted, it was held that a suspension of 30 days should be reduced to the period of 13 days which the petitioner had suffered prior to obtaining a stay from Special Term. In Matter of Domino v. Hults (18 A D 2d 1117) a 30-day suspension was upheld as reasonable after a finding on evidence at a hearing that the licensee had been grossly negligent. In Matter of *700 Zimmerman v. Kelly (9 Misc 2d 989, 990) it was held that before a license may be suspended pending a hearing there must be 1 ‘ factual evidence of substantial character, sufficient to justify such drastic action.” The facts in the instant proceeding are similar to those in Matter of Zimmerman (supra). In Zimmerman, the petitioner had been arrested, charged with speeding, arraigned, presumably pleaded not gnilty, deposited $50 bail but failed to appear on the date set for trial. Mr. Justice James C. O’Brien wrote (p. 991), “ Upon these facts alone the commissioner erred in making an order of suspension.”
Based upon the facts contained in the papers submitted it is held that the respondent was arbitrary and unreasonable in suspending the petitioner’s license. The suspension is annulled.