Frank A. G-tjlotta, J.
This is an article 78 proceeding to review the peremptory suspension of petitioner’s operator’s license upon his arraignment in the District Court on a charge of driving while intoxicated in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.
A District Court Judge of the County of Nassau is one of the officials who has the power to suspend or revoke an operator’s license in accordance with certain provisions of section 510 of the Vehicle and Traffic Law. Subdivision 2 of that section has to do with mandatory suspensions and revocations and a violation of subdivision 2 of section 1192 with which this defendant is charged is one of the grounds therefor. However, such action may only be taken after conviction.
Subdivision 3 deals with permissive suspensions and revocations and lists eight situations (a) to (h) under which the power may be exercised. Category (a) permits such action where there is any violation of the chapter, i.e., of the entire Vehicle and Traffic Law, but it specifically excepts section 1192, the very section which concerns us in this case.
An unnumbered paragraph following paragraph (h) provides for a hearing in permissive cases except where suspension is based on a court conviction. The next sentence, however, in general terms confers a power of temporary suspension without notice, pending any prosecution.
There are no limits written into this last sentence, but to sustain its constitutionality the courts have imposed some. In Herkel v. Kelly (14 Misc 2d 966, 968) the court said: “ Implicit in the section however is a requirement that a temporary suspension be for a reasonable time and because of the presumption of constitutionality (Knapp v. Fasbender, 1 N Y 2d 212, 232-233) the statute will be so interpreted.”
Tn Matter of Zimmerman v. Kelly (9 Misc 2d 989, 990) the court further said: “ Assuming, without deciding, that in certain cases and under certain circumstances, an operator’s license may be suspended or revoked without the commissioner first having had a hearing, it nevertheless is true that before the commissioner may lawfully and properly suspend or revoke a license he should have before him factual evidence of substantial character, sufficient to justify such drastic action.”
*777 The court has the same power as the Commissioner in this respect, but no greater power. Therefore, to sustain this temporary suspension, we must find a permissible category in subdivision 3, and also a substantial basis for the court’s action.
For the reasons indicated above, category (a) does not cover this case. However, the court also had before it on the arraignment the past criminal record of this defendant which shows convictions between 1942 and 1953 of varying degrees of seriousness, which included two felonies, one in 1943 and one in 1948.
Category (c) of subdivision 3 specifies conviction of a felony at any time as a ground for permissive revocation and thus also for temporary suspension. However, the defendant’s last conviction of a felony was 20 years ago. He is now 49 years of age, and uses his automobile to earn a living. It would seem an improvident exercise of discretion to deprive him of his operator’s license while he is awaiting trial, based solely on these old convictions (Matter of Zimmerman v. Kelly, supra).
Category (d) provides for dealing with habitual and persistent violators of traffic laws, but two traffic convictions, the most recent of which was 15 years ago, likewise can scarcely furnish a basis for invoking this subdivision against petitioner.
Contrary to respondent’s position that this court has no jurisdiction to review the action of the District Court Judge, subdivision 7 ¡(formerly 6) states: “ Except as expressly provided, a court conviction shall not be necessary to sustain a revocation or suspension. Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court as such.” (See Matter of Lashway v. Hults, 36 Misc 2d 1012.) The determination is annulled and petitioner’s license restored.