Sol Wachtler, J.
This is an article 78 proceeding to review the peremptory suspension of petitioner’s operator’s license upon his arraignment in the District Court on a charge of driving while intoxicated under subdivision 2 of section 1192 of the Vehicle and Traffic Law.
The District Attorney urges that the District Court Judge of the County of Nassau who suspended the license has the power to do so in accordance with the provisions of section 510 of the Vehicle and Traffic Law.
Subdivision 3 of section 510 of the Vehicle and Traffic Law deals with permissive suspensions and revocations and lists certain situations under which the power may be exercised. In the last paragraph of subdivision 3, the court in general terms is given the power of temporary suspension without notice “ pending any prosecution, investigation or hearing”. A careful reading of this section, in its entirety, leads this court to the conclusion that the District Court Judge acted within the powers conferred by this portion of subdivision 3 of the statute when he suspended petitioner’s license.
Although the section itself is not as clear as it could be, the Legislature draws an apparent distinction between a permissive revocation or suspension in connection with one of the eight situations listed under subdivision 3 and a temporary suspension or revocation without notice pending any prosecution, investigation, or hearing. The distinction having been drawn, it is apparent as previously stated that the District Court Judge acted pursuant to the authority contained in this last sentence of subdivision 3. In addition, the insertion of the word 1 ‘ however ’ ’ in the last sentence of subdivision 3 and the further modifying phrase “ temporary ” can only mean that the Legislature determined that the temporary suspension' pending a hearing was an exception to the specified requirements set forth in the balance of subdivision 3 for permissive suspension and revocation.
On May 9, 1969 the petitioner in this action pleaded guilty to the charge of operating a motor vehicle while his ability to operate such vehicle was impaired by the consumption of alcohol. His license was suspended for a period of 60 days. On July 24, 1969, three weeks after his license was returned, *277 he was again being arraigned, this time for operating a vehicle while in an intoxicated condition and unfit for such operation. It was at this latter arraignment that the suspension which is the subject of this proceeding was imposed.
In Reitz v. Mealey (314 U. S. 33, 36) the United States Supreme Court noted that “ The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent ’ ’. It is for this reason that a person is licensed to drive. When that person abuses the privilege and acts in a manner which would lead the proper authorities to believe that his continued operation of a vehicle would constitute a menace to himself and others, then it seems altogether proper that this person’s permission to drive should be temporarily suspended until a determination of his fitness can be ascertained.
One of the main contributing factors of the carnage on our highways is driving while under the influence of intoxicating beverages. The District Court Judge in this case exercised sound discretion. When petitioner appeared before him in arraignment, he had recently concluded a 60-day suspension for ‘ ‘ operating a motor vehicle while his ability to operate was impaired by the consumption of alcohol ’ ’. He was now being charged with 1 ‘ operating a motor vehicle while intoxicated and unfit ’ ’. Under these circumstances to do less than temporarily suspend petitioner’s license pending a hearing would have been imprudent. It is also noted that an early trial date has been fixed by the District Court.