J. Bobebt Lynch, J.
The petitioner has a jury trial pending in the City Court of Watertown on the charge of driving while intoxicated. By this motion she seeks under article 78 of the CPLB, to restrain the City Judge, Acting City Judge and the District Attorney from proceeding further, asserting that the City Court has lost jurisdiction of the action for the following reasons: (1) that she has been denied her constitutional right to a speedy trial; (2) that the court’s temporary suspension of her driver’s license pending the trial was unconstitutional; (3) that an examination by the court of the record of her prior driving convictions before any conviction herein was unconstitutional.
On February 21, 1974 a panel of jurors reported to City Court to try those cases in which a jury had been demanded. The cases having been disposed of, the panel was released on February 28. Twelve hours later the petitioner was arrested. She appeared with her attorney before the court on March 4, pleaded not guilty and demanded “ a speedy jury trial”. The court indicated that the case would be tried the next day; the petitioner’s attorney reminded the court that no jury panel was in attendance; the District Attorney noted that *526 the next jury would be impanelled on May 20. The court set May 20 for a trial, set March 11 as a date for motions, continued bail and suspended the petitioner’s driver’s license until the case had been disposed of.
On March 11, the petitioner, assuming the quickest date for a jury trial would be May 20, moved to dismiss the action for failure to provide her with a speedy trial. The court denied the motion, holding that the May 20 date would not deprive the petitioner of a speedy trial. The court added, however, that ‘ ‘ we will endeavor to have a jury here before that * * * (e)specially if there becomes an accumulation of other cases as well”. The case was adjourned to May 20 with the advice that the petitioner would be notified if a jury panel were called sooner. It now appears that a panel has been summoned for April 22.
The petitioner has argued here that there was no properly certified local rule of the Watertown City Court which would provide for a jury term to be held after such an extended lapse of time. (See 22 NYCRR 3400.10, 3400.18.) Whether this is true or not, it does not lead to the conclusion that the petitioner has been denied a speedy trial. The only relevant question is, was an adjournment from March 11 to May 20, 70 days, constitutionally impermissible.
The Legislature has attempted to preserve the rights of defendants to speedy trials (CPL 30.20) by setting time limits in which “the people” (presumably the District Attorney) must be ready for trial (CPL 30.30). In a case such as this the limit is 90 days. We see no qualitative difference in its effect upon a defendant’s rights when an adjournment is caused by the court’s calendaring necessities rather than by the District Attorney’s workload. If a prosecutor has 90 days to prepare a case for trial, certainly the court should be able to use that time for scheduling it. We have found no case holding that a lesser time is constitutionally required and since each case is to be decided on its own merits (People v. Prosser, 309 N. Y. 353) we hold that a case such as this may be adjourned constitutionally to await the next jury panel provided that it be no longer than 90 days.
Section 510 of the Vehicle and Traffic Law confers upon the City Judge (subd. 1) the discretion to suspend a driver’s license temporarily without notice pending the prosecution (unlettered paragraph following paragraph [i] of subdivision 3). The statute is constitutional (Matter of Herkel v. Kelly, 14 Misc 2d 966; see, also, Reitz v. Mealey, 314 U. S. 33). Its authority *527 is constitutionally exercised when the suspending court’s discretion is based upon substantial evidence (Robertson v. Tomson, 60 Misc 2d 275; Matter of Lemyre v. Lippman, 57 Misc 2d 775). Here the court had before it not only the narrative of the petitioner’s actions leading to this charge but also the record of her prior convictions in that very court showing her recent and persistent disregard for the traffic laws of the State. The court acted with sound discretion.
In the file of the ease in City Court were not only the record of the petitioner’s convictions in that court, which the Judge admittedly inspected, but there was also a longer record of all of her convictions supplied by the State Motor Vehicle Department. Because this latter record was in the file, the petitioner assumes the Judge inspected it and claims this to be a violation of the right accorded her by section 504 of the Vehicle and Traffic Law: “ The commissioner may provide adequate space on a detachable or separate part of such license, to be known as the ‘ record of convictions stub ’ * * * and such record of convictions stub shall be detachable by the licensee and shall not be subject to inspection * * * but shall be exhibited on demand only by a magistrate after conviction ”.
Since the purpose of this law (L. 1961, ch. 821) is to insure a fair hearing on the basis of the particular charge unprejudiced by past convictions (Governor’s Message, 1961 N. Y. Legis. Annual, p. 474) it would be a sophistry to attempt a distinction between the Judge’s seeing the forbidden record of convictions stub and the Judge’s seeing the Motor Vehicle Department’s copy of the record of convictions stub.
We hold, however, that the petitioner’s right has not been violated for two reasons. First the Judge has sworn that he did not see the Motor Vehicle Department’s copy. Weighing this against the petitioner’s bare assumption that he did, we must accept the Judge’s statement. Secondly, even if he had seen it, it would not prejudice a fair trial here because the Judge is not going to be the trier of the facts — this will be done by the jury.which the petitioner has demanded.
The motion must be denied in all respects.