OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause, dated March 11, 1988, and supporting papers, the petitioner seeks an order setting aside the suspension of the petitioner’s motor vehicle operator’s license by Schenectady Police Court Justice Louise H. Smith. The court will treat all papers as timely served.
On February 3, 1988, the petitioner was arraigned on the *152 charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) before Justice Smith, and at that time, pursuant to Vehicle and Traffic Law § 510 (3), his license was suspended pending prosecution. The petitioner was arrested, in part, for having an alleged blood alcohol content of .23 while driving. The petitioner’s attorney strenuously, but unsuccessfully, objected to the suspension.
Vehicle and Traffic Law § 510 (3) provides in part: "Permissive suspensions and revocations. Such licenses and registrations and the privilege of a non-resident of operating a motor vehicle in this state and of operation within this state of any motor vehicle owned by him and the privilege of an unlicensed person of obtaining a license issued by the commissioner and of obtaining a registration issued by the commissioner may be suspended or revoked” (under certain circumstances). Subdivision (3) then lists nine circumstances in which permissive suspensions and revocations are available, none of which are applicable here. The subdivision then goes on to provide in an unlettered paragraph: "Where revocation or suspension is permissive, the holder, unless he shall waive such right, shall have an opportunity to be heard except where such revocation or suspension is based solely on a court conviction or convictions or on a court commitment to an institution under the jurisdiction of the department of mental hygiene. A license or registration, or the privilege of a nonresident of operating a motor vehicle or motorcycle in this state or of the operation within this state of any motor vehicle or motorcycle owned by him, may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing”. (Emphasis supplied.)
The petitioner contends that section 510 (3) applies only to out-of-State residents, and that a license may be suspended pending prosecution only under the circumstance not applicable here, addressed in Vehicle and Traffic Law § 510 (2) (b) (vi) (a).
While Vehicle and Traffic Law § 510 in general may be considered a study in ambiguous draftsmanship, it appears from a full reading of the statute, and from reported decisions that both New York State and out-of-State drivers may have their licenses temporarily suspended pending any prosecution, investigation or hearing. (Robertson v Tomson, 60 Misc 2d 275; Matter of De Vito v Aylward, 77 Misc 2d 524; People v Emmanuel, 82 Misc 2d 298.)
*153 Additionally, though the statutory language and structure is at best murky, it indicates that the arraigning court possessed the power to temporarily suspend the license by the force of the last sentence in section 510 (3). It must be firmly kept in mind that the suspension here is of a temporary,, discretionary nature pending prosecution, and may not be categorized as a permissive suspension or revocation (Vehicle and Traffic Law § 510 [2] or § 510 [3] [a]-[i]), or a mandatory suspension without notice (Vehicle and Traffic Law § 510 [2] [b] [vi] [a]). Justice Smith’s action could not be authorized by any of the latter three provisions.
Moreover, as a temporary, discretionary suspension, the procedural due process safeguards of Vehicle and Traffic Law § 510 (2) (b) (vi) do not appear to be applicable.* In any case, the petitioner had notice of the suspension and was permitted to raise an objection.
The court concludes that Justice Smith, possessed of evidence of an extraordinary high alcohol content in the petitioner’s blood, and with her statutory powers, discussed supra, did not commit error or act in an arbitrary or capricious manner in temporarily suspending the petitioner’s license. The petition is dismissed.

 Due process is protected to an extent and the temporary nature of the suspension is assured by the speedy trial provisions of CPL 30.30. In any case, the petitioner does not raise objections based upon due process grounds.