■ In the Matter of RIDGE TRANSPORT SYSTEMS, INC., Respondent, v CITY OF NEW YORK et al., Appellants, et al., Respondent. [945 NYS2d 130]—

In a proceeding pursuant to CPLR article 78 to review a determination of Raymond W. Kelly, as Police Commissioner of the City of New York, dated February 12, 2010, finding that the petitioner is not a responsible bidder for an arterial tow permit, to vacate the award of arterial tow permits for highway segments 13, 14, and 15 to Mike's Heavy Duty Towing, Inc., Runway Towing, Inc., and Bosciano Auto Collision, Ltd., respectively, and to award those contracts to the petitioner, the City of New York and Raymond W. Kelly, as Police Commissioner of the City of New York, appeal, by permission, and Runway Towing, Inc., and Bosciano Auto Collision, Ltd., each separately appeals, by permission, from a judgment of the Supreme Court, Kings County (Lewis, J.), dated December 10, 2010, which, upon a decision of the same court dated August 20, 2010, granted the petition to the extent of vacating the determination that the petitioner is not a responsible bidder for an arterial tow permit, in effect, vacated the award of arterial tow permits for highway segments 13, 14, and 15 to Mike's Heavy Duty Towing, Inc., Runway Towing, Inc., and Bosciano Auto Collision, Ltd., and remitted the matter to Raymond W. Kelly, as Police Commissioner of the City of New York, for a new determination on the award of arterial tow permits for highway segments 13, 14, and 15.

Ordered that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs payable to the appellants appearing separately and filing separate briefs.

"Arterial tow permits" are exclusive permits awarded to towing contractors to provide, inter alia, emergency towing services on 16 delineated segments of highway within New York City. Procedures for the award of the permits are outlined in a permit application request (hereinafter PAR) published by the New York Police Department (hereinafter NYPD). The tow permits may be awarded only to applicants who the NYPD determined to be "responsible," a finding which is based upon, inter alia, an applicant's business integrity and truthfulness in answering questions on the application. The Arterial Tow Selection Committee (hereinafter ATSC) grades applicants in three rounds and submits the two highest scoring candidates to the Police Commissioner of the City of New York (hereinafter the Commissioner), who awards the arterial tow permits in his sole discretion. The recommendations of the ATSC are not binding on the Commissioner.

In 2009, the petitioner, Ridge Transport Systems, Inc. (here-

inafter Ridge), submitted applications to the NYPD for three permits to operate on highway segments 13, 14, and 15. Ridge had been awarded the arterial tow permits for segment 13 since 2000, segment 14 since 1999, and segment 15 since 2003. At a round three interview, Ridge was questioned about its failures to disclose, on various 2009 application forms, the participation of James Fava in the management and ownership of the company. Fava, the husband of Ridge's ostensible owner, Frances Fava, had acted as a vice president, and he acknowledged at the interview that he was the general manager of the company, but his participation was entirely omitted from application forms. Frances Fava characterized the omissions as a "mishap." Two months after the interview, Ridge was informed, by letter dated on February 12, 2010, that the NYPD had determined that it was a "non-responsible bidder." The letter explained: "A review of the answers you provided in response to PAR and VENDEX Questionnaires, for the above-referenced contract, revealed that you failed to disclose all Principals, Officers, Managers and/or employees as required. In particular, the PAR Questionnaire requires the Applicant to identify and provide background information about the principal and all employees. Additionally, the VENDEX Vendor Questionnaire, Question 6 (a) directs the Applicant to list all principal owners and the three officers who exercise the most substantial degree of control over the submitting vendor." The same day, permits for highway segments 13, 14, and 15 were awarded to Mike's Heavy Duty Towing, Inc., Runway Towing, Inc., and Bosciano Auto Collision, Ltd., respectively. Six days later, Ridge requested review of the determination but, by letter dated March 2, 2010, the NYPD declined to change its determination. On March 12, 2010, Ridge commenced this CPLR article 78 proceeding to, inter alia, review the finding of nonresponsibility. Finding that the February 12, 2010, determination was arbitrary and capricious, the Supreme Court granted the petition to the extent, inter alia, of vacating the determination of nonresponsibility and remitted the matter to the Commissioner for a new determination on the award of arterial tow permits for highway segments 13, 14, and 15.

Since the challenged determination was not made after a quasi-judicial evidentiary hearing required by law, we must consider whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see Matter of Holcomb v Williams*, 72 AD3d 687, 687-688 [2010]). Here, examination of the application forms confirms that Ridge, multiple times, failed to disclose the participation of James Fava. The

NYPD's determination, based on those omissions, that Ridge was a nonresponsible bidder, was not arbitrary and capricious. A reviewing court is "powerless to affirm [an] administrative action by substituting what it considers to be a more adequate or proper basis" for the determination (*Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 913 [1977]; *see SEC v Chenery Corp.*, 332 US 194, 196 [1947]). That Ridge was awarded permits in the past did not require the NYPD to find it to be a responsible bidder on this occasion. In any event, the NYPD adequately stated its reason for its finding that Ridge was a nonresponsible bidder, i.e., Ridge's material omissions from its 2009 application forms (*see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal*, 18 NY3d 446, 453 [2012]; *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519-520 [1985]).

Ridge's remaining contentions with respect to the February 12, 2010, determination are without merit.

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits.

The parties' remaining contentions are academic in light of our determination. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.