OPINION OF THE COURT
Joseph A. Santorelli, J.
Petitioner commenced the instant CPLR article 78 proceeding by order to show cause dated February 8, 2013, seeking, inter alia: an order pursuant to Civil Practice Law and Rules § 7803 (3) and/or (4) vacating respondent’s determination, pursuant to Vehicle and Traffic Law § 510 (3-a), to temporarily suspend petitioner’s driver’s license; or, in the alternative, an order pursuant to CPLR 7803 (1) granting a Pringle-like hearing to contest the allegations which formed the basis of the temporary suspension; and/or an order remanding the matter to the Suffolk County District Court for a full hearing on the merits. Respondent, Honorable John Andrew Kay, Judge of the Suffolk County District Court, opposes the petition and argues the suspension of petitioner’s license is proper pending the prosecution of petitioner for violations of Vehicle and Traffic Law § 1192 (2-a) and (3), pursuant to Vehicle and Traffic Law § 510 (3-a); and that petitioner’s due process rights have been accorded.
On November 18, 2012, petitioner was arrested for violating Vehicle and Traffic Law § 1192 (2-a), aggravated driving while intoxicated per se, and Vehicle and Traffic Law § 1192 (3), driving while intoxicated. Petitioner was arraigned in Suffolk County District Court Part D-11 on the charges on November *997 19, 2012 before Honorable Paul Hensley, at which time a plea of not guilty was entered by petitioner and her license to drive was suspended pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (the prompt suspension law). On November 26, 2012, petitioner appeared in Suffolk County District Court Part D-41 before respondent. At this appearance, respondent found petitioner’s “operation [of a motor vehicle] ... is a clear and present danger to the residents of New York State,” and then temporarily suspended petitioner’s license pursuant to Vehicle and Traffic Law § 510 (3-a).
Preliminarily, this court finds respondent’s determination to temporarily suspend petitioner’s license on November 26, 2012, was purely administrative in nature. Suspensions and revocations pursuant to Vehicle and Traffic Law § 510 are deemed by the legislature to be administrative acts reviewable by the Supreme Court as such (see Vehicle and Traffic Law § 510 [7]; see also Vehicle and Traffic Law § 510 [1]; Matter of Del Zio v Chinman, 54 Misc 2d 697, 699 [Sup Ct, Nassau County 1967] [“No greater powers are conferred upon a Judge of a court with respect to revocation or suspension of licenses by (Vehicle and Traffic Law §) 510, than is conferred upon the Commissioner of Motor Vehicles”]). Further, it is well settled that pre-conviction license suspension procedures are civil administrative proceedings (see Matter of Barnes v Tofany, 27 NY2d 74, 77-78 [1970]; Pringle v Wolfe, 88 NY2d 426, 435 [1996]).
However, an administrative determination is quasi-judicial if it is the result of a trial-type hearing (see generally ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 226 [2011]; Matter of Jason B. v Novello, 12 NY3d 107, 113 [2009]; Matter of Hecht v Monaghan, 307 NY 461, 470 [1954]). A trial-type hearing is one in which the “party whose rights are being determined [is] fully apprised of the claims of the opposing party and . . . [is] given the opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal” (Hecht, 307 NY at 470; see also Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2d Dept 2005]). Conversely, a determination remains purely administrative when it involves an exercise of judgment or discretion in the absence of a trial-type hearing (see Halperin, 24 AD3d at 769-770; Scherbyn, 77 NY2d at 757-758). A purely administrative determination need not have accorded the affected parties a full-fledged adversarial hearing or confined *998 itself to evidence placed on the record (see Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y., 24 NY2d 174, 180, [1969]; Matter of Fink v Cole, 1 NY2d 48, 52-53 [1956]).
Here, respondent’s determination to temporarily suspend petitioner’s license pursuant to Vehicle and Traffic Law § 510 (3-a) prior to petitioner’s conviction for the underlying Vehicle and Traffic Law § 1192 charges was an administrative determination (see Vehicle and Traffic Law § 510 [7]; Tofany, 27 NY2d at 77-78). The temporary suspension was not quasi-judicial as petitioner was not provided an opportunity to “cross-examine witnesses, to inspect documents [or] to offer evidence in explanation or rebuttal” at the time of, or before, the temporary suspension of her license (Hecht, 307 NY at 470; see also Scherbyn, 77 NY2d at 757-758). Respondent simply reviewed the information at hand and made the determination to temporarily suspend petitioner’s license.
CPLR article 78 relief from an administrative determination is available pursuant to CPLR 7803 (3) (mandamus to review) and/or CPLR 7803 (1) (mandamus to compel) (see Scherbyn, 77 NY2d at 757-758; Halperin, 24 AD3d at 770; Matter of Schmitt v Skovira, 53 AD3d 918, 920 [3d Dept 2008]; CPLR 7801 [l]).[1] Relief Pursuant to CPLR 7803 (3)
An article 78 proceeding pursuant to CPLR 7803 (3) asks “whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (id.; see Scherbyn, 77 NY2d at 757-758; Matter of Brothers v Pilgrim Psychiatric Ctr. of N.Y. State Off. of Mental Health, 131 AD2d 756, 757 [2d Dept 1987]). Under this standard “the Court must determine ‘the rationality of the administrative act’ ” (Matter of Poster v Strough, 299 AD2d 127, 142 [2d Dept 2002], quoting 125 Bar Corp., 24 NY2d at 178; see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Fink, 1 NY2d at 52-53). The determination “may be annulled only upon a clear showing that [respondent] acted ‘solely upon grounds which as *999 [a] matter of law may not control [his] discretion.’ ” (Poster, 299 AD2d at 141, quoting Matter of Larkin Co. v Schwab, 242 NY 330, 335 [1926].)
Vehicle and Traffic Law § 510 (3-a)
This court holds that authority to temporarily suspend driving privileges without notice pursuant to Vehicle and Traffic Law § 510 (3-a) first requires a determination that suspension is permissive pursuant to Vehicle and Traffic Law § 510 (3). Respondent suspended petitioner’s license pursuant to Vehicle and Traffic Law § 510 (3-a), which states in relevant part:
“Where revocation or suspension is permissive, the holder, unless he shall waive such right, shall have an opportunity to be heard except where such revocation or suspension is based solely on a court conviction or convictions or on a court commitment to an institution under the jurisdiction of the department of mental hygiene. A license . . . may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing.”
Vehicle and Traffic Law § 510 (3), titled “Permissive suspensions and revocations,” enumerates circumstances under which a judge, the Commissioner of Motor Vehicles, and the Superintendent of Police have the discretion to suspend or revoke a driver’s license (see Vehicle and Traffic Law § 510 [3], [1]).
“When presented with a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature” (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006] [internal quotation marks and citation omitted]). “The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning” (id.; see also Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; Matter of State of New York v Ford Motor Co., 74 NY2d 495, 500 [1989]). Where “the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency” (Matter of Gruber [New York City Dept. of Personnel— Sweeney], 89 NY2d 225, 231 [1996] [internal quotation marks and citation omitted]; see DaimlerChrysler Corp., 7 NY3d at 660). Such are the circumstances of the matter currently before the court.
Further, we must afford “the statute a sensible and practical over-all construction, which is consistent with and furthers its *1000 scheme and purpose and which harmonizes all its interlocking provisions” (Matter of Long v Adirondack Park Agency, 76 NY2d 416, 420 [1990]). Moreover, courts should construe a statute to avoid unreasonable consequences and avoid rendering any of its language superfluous. (See Long v State of New York, 7 NY3d 269, 273 [2006]; People v Finley, 10 NY3d 647, 655 [2008]; Matter of Branford House v Michetti, 81 NY2d 681, 688 [1993].)
This court acknowledges that interpretations of Vehicle and Traffic Law § 510 (3-a) have varied. Some courts have found that suspension must first be found permissive under the criteria enumerated in Vehicle and Traffic Law § 510 (3) before temporarily suspending a license pursuant to Vehicle and Traffic Law § 510 (3-a) (see Matter of Lemyre v Lippman, 57 Misc 2d 775, 777 [Sup Ct, Nassau County 1968]; Matter of Lashway v Hults, 36 Misc 2d 1012, 1015 [Sup Ct, Albany County 1962]; Matter of Del Zio v Chinman, 54 Misc 2d at 698).[2] Other courts, similar to the District Court in this instant case, have found Vehicle and Traffic Law § 510 (3-a) provides judges authority to suspend a license pending “any prosecution” (Vehicle and Traffic Law § 510 [3-a]; see Robertson v Tomson, 60 Misc 2d 275, 276 [Sup Ct, Nassau County 1969]; Matter of Ryan v Smith, 139 Misc 2d 151, 153 [Sup Ct, Schenectady County 1988]; People v Forgette, 141 Misc 2d 1009, 1012 [Crim Ct, NY County 1988]).[3]
Courts in the latter group, finding that Vehicle and Traffic Law § 510 (3-a) by itself grants authority to suspend licenses pending “any prosecution,” have done so reading the second sentence of Vehicle and Traffic Law § 510 (3-a) independent of the first (see Vehicle and Traffic Law § 510 [3-a]; Ryan, 139 Misc 2d at 153; Robertson, 60 Misc 2d at 276; Forgette, 141 Misc 2d at 1012). However, in this court’s view, the statutory language does not support such a reading.
The second sentence of Vehicle and Traffic Law § 510 (3-a) states, in relevant part: “A license . . . may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing” (emphasis added). “However,” when placed between commas, is an adverb which means “neverthe *1001 less” or “in spite of that” (Webster’s New World College Dictionary 693 [4th ed 1999]; see also Strunk & White, Elements of Style 48-49 [4th ed 2000]). Thus, reading the first sentence with the second sentence is required in order to determine what a temporary suspension “without notice, pending any prosecution, investigation or hearing” is in spite of. (Vehicle and Traffic Law § 510 [3-a].)
The first sentence of Vehicle and Traffic Law § 510 (3-a) states, in relevant part: “Where revocation or suspension is permissive, the holder . . . shall have an opportunity to be heard” (emphasis added). Accordingly, a license, in spite of an opportunity to be heard, may be temporarily suspended without notice pending any prosecution, investigation, or hearing (id.). Given that the opportunity to be heard is only available where suspension is permissive, the legislature’s choice to Use the word “however” evinces intent to have “[w]here revocation or suspension is permissive” be a precursor to authority conferred by the first and second sentence of the paragraph. (Id.)
Further, reading the second sentence of Vehicle and Traffic Law § 510 (3-a) independently confers near limitless power to the judges, the Superintendent of Police, and the Commissioner of Motor Vehicles to temporarily suspend a license without notice, pending any prosecution, investigation, or hearing (Vehicle and Traffic Law § 510 [3-a]). “Due process requires that a civil statute contain a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of statutory terms” (Pringle, 88 NY2d at 435 [internal quotation marks omitted]). Because of the absence of limitations under this reading of the statute, courts adopting it have imposed some limits to sustain constitutionality as applied (see Lemyre, 57 Misc 2d at 776; Forgette, 141 Misc 2d at 1012). However, judicially creating limitations to meet a presumption of constitutionality is unnecessary as “a sensible and practical over-all construction [of the statute] which is consistent with and furthers its scheme and purpose and which harmonizes all its interlocking provisions” evinces the limitations the legislature intended to impose (Matter of Long, 76 NY2d at 420).[4]
Moreover, reading Vehicle and Traffic Law § 510 (3-a) in a manner which provides authority to suspend a license for viola *1002 tion of Vehicle and Traffic Law § 1192 alone is inconsistent with the legislature’s intent. In 1988, the legislature recodified the Vehicle and Traffic Law, the Criminal Procedure Law, and the Correction Law, in relation to alcohol-related offenses and procedures (see L 1988, ch 47). The legislature made the following finding:
“The legislature hereby finds that there are a myriad of alcohol and drug-related provisions spread throughout the vehicle and traffic law. This creates confusion and uncertainty for legal practitioners, law enforcement agencies, courts and the public. The legislature thus finds that these provisions should be recodified into a single article of the vehicle and traffic law.” (Id. § 1.)
The recodification included a comprehensive restructuring and reenactment of Vehicle and Traffic Law article 31 titled “Alcohol and Drug-Related Offenses and Procedures Applicable Thereto” (see L 1988, ch 47, § 18). The recodified article 31 included, and still includes, provisions that specifically address temporary suspensions pursuant to driving while intoxicated prosecutions: Vehicle and Traffic Law § 1193 (2) (e) (1) which mandates temporary suspension when a driver is charged with a section 1192 violation (a) after being convicted of a prior section 1192 violation in the preceding five years, or (b) is charged with vehicular assault or vehicular homicide in connection with the violation; and section 1194 (2) (b) which mandates temporary suspension upon a driver’s refusal to submit to a chemical test. (See Vehicle and Traffic Law §§ 1193 [2] [e] [1]; 1194 [2] [b] [3].)
The legislature, in its legislative act to place all alcohol- and drug-related provisions into a single article, also amended Vehicle and Traffic Law § 510 (see L 1988, ch 47, §§ 5-9). Provisions that addressed alcohol- and drug-related violations in the statute were removed, and language excepting alcohol- and drug-related violations was added (see id.; see also Vehicle and Traffic Law § 510 [3] [j]). Significantly, Vehicle and Traffic Law § 510 (3-a) (which in 1988 was an unmarked paragraph at the end of Vehicle and Traffic Law § 510 [3]) remained unamended. If the legislature intended Vehicle and Traffic Law § 510 (3-a) to govern violations of section 1192, it would have been addressed in the recodification. Instead, the legislature enacted Vehicle and *1003 Traffic Law §§ 1193 (2) (e) (1) and 1194 (2) (b) to address temporary suspensions for violations of section 1192.
The legislature further addressed Vehicle and Traffic Law § 1192 violations in 1994, enacting Vehicle and Traffic Law § 1193 (2) (e) (7), the prompt suspension law, mandating temporary suspension where there is a chemical test reading exceeding ,08%[5] blood alcohol content (see Vehicle and Traffic Law § 1193 [2] [e] [7]; Pringle, 88 NY2d at 435). Consistent with the intent of the 1988 recodification, the prompt suspension law was placed in Vehicle and Traffic Law article 31, not Vehicle and Traffic Law § 510 (see Vehicle and Traffic Law §§ 1193 [2] [e] [7]; 510). Further, Vehicle and Traffic Law § 510 (3) (a),[6] amended to exclude driving while intoxicated violations as a permissive basis for suspension in 1933,[7] and left unamended in the 1988 recodification, reflects the legislature’s intent to have statutes other than Vehicle and Traffic Law § 510 (3) and (3-a) govern suspension for driving while intoxicated violations. (See Vehicle and Traffic Law § 510 [3] [“(L)icenses . . . may be suspended or revoked: (a) for any violation of the provisions of this chapter, except section eleven hundred ninety-two” (emphasis added)]; People v Allison, 16 NYS2d 571, 572-573 [Rochester City Ct 1939].)
Application
Respondent suspended petitioner’s license pursuant to Vehicle and Traffic Law § 510 (3-a) without a finding that suspension was permissive pursuant to Vehicle and Traffic Law § 510 (3). It is well settled that judicial review of an administrative determination is limited to the grounds invoked by the body (see Scherbyn, 77 NY2d at 758, citing Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y., 75 NY2d 997, 1000 [1990], amended 78 NY2d 1057 [1991]).
“[A] reviewing court, in dealing with a[n administrative] determination . . . must judge the propriety of such action solely by the grounds invoked by the [body]. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more *1004 adequate or proper basis” (Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 913 [1977], quoting SEC v Chenery Corp., 332 US 194, 196 [1947]; see also Scherbyn, 77 NY2d at 758; Matter of Parkmed Assoc. v New York State Tax Commn., 60 NY2d 935, 936 [1983]; Matter of Ridge Transp. Sys., Inc. v City of New York, 95 AD3d 1217, 1220 [2d Dept 2012]).
Vehicle and Traffic Law § 510 (3-a) does not authorize a temporary suspension without a finding that suspension is permissive pursuant to Vehicle and Traffic Law § 510 (3). Respondent made no such finding. Further, petitioner is charged solely with violations of Vehicle and Traffic Law § 1192, which without further findings, subjects petitioner to suspension under article 31, not Vehicle and Traffic Law § 510. In fact, at the time of respondent’s November 26, 2012 determination, petitioner’s license had already been temporarily suspended pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7).
The propriety of the respondent’s administrative determination must be judged solely on the grounds invoked by respondent. This court finds no basis in the law to support the temporary suspension of petitioner’s license pursuant to Vehicle and Traffic Law § 510 (3-a) on this record.
Accordingly, it is ordered, that respondent’s November 26, 2012 determination is annulled; further, it is ordered, that further relief is denied as moot.

. Relief from a quasi-judicial administrative hearing is available pursuant to CPLR 7803 (2) (prohibition) and/or CPLR 7803 (4) (certiorari). (See Scherbyn, 77 NY2d at 757-758 [“Mandamus to review resembles certiorari, except that in a certiorari proceeding a quasi-judicial hearing normally is required and the reviewing court has the benefit of a full record”]; Matter of Dondi v Jones, 40 NY2d 8, 12-13 [1976] [prohibition “lies to prevent or control judicial or quasi-judicial action only, as distinguished from legislative, executive or ministerial action”].)

. Prior to 1990, Vehicle and Traffic Law § 510 (3-a) existed in its current form, except without the heading “Opportunity to be heard and temporary suspensions,” as an unmarked paragraph at the end of Vehicle and Traffic Law § 510 (3). (See L 1990, ch 173, §§ 52, 53.)

. Matter of Buckson v Harris (145 AD2d 883 [3d Dept 1988]), relied on heavily by respondent, dealt with bail conditions on a felony indictment and relied on cases decided prior to the legislature’s 1988 recodification of the Vehicle and Traffic Law, discussed below.

. Of further note, suspensions pursuant to Vehicle and Traffic Law § 510 (3) may occur only upon a showing of good cause based upon competent testimony at a hearing. (See Matter of Kafka v Fletcher, 272 App Div 364, 368 [1st Dept 1947].) Vehicle and Traffic Law § 510 (3-a) provides the authority *1002 for temporary suspensions under permissive circumstances. (See Vehicle and Traffic Law § 510 [3-a].)

. In 1994 the statute read .10%, this was later amended in 2002 when the legislature reduced and amended the blood alcohol level under Vehicle and Traffic Law § 1192 to .08%.

. Not to be confused with section 510 (3-a).

. Vehicle and Traffic Law § 510 (3) was formerly Vehicle and Traffic Law of 1929 § 71 (3).